THE CONNECTICUT ELECTRIC SERVICE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78279.   Promulgated February 10, 1937.

*John H. Minds, Esq.*, for the petitioner.
*Samuel L. Young, Esq.*, for the respondent.

448

OPINION.

ARUNDELL: The sole issue is whether the Connecticut Light & Power Co., an affiliate of the petitioner, is entitled to deductions in 1931 for amortization of the bond discount on bonds issued by the Eastern Connecticut Power Co. and the Waterbury Gas Light Co., which corporations were merged into the Connecticut Light & Power Co. in 1929 and 1931, respectively.

The two mergers here concerned were effected pursuant to the provisions of the Connecticut statutes providing for the merger or consolidation of utility companies. (Ch. 166, Pub. Acts 1927; secs. 3651, 3520-23 Gen. Stats. Conn., Revision of 1918; secs. 3846, 3616, 3462-3465, Gen. Stats. Conn., Revision of 1930.) The merger agreements were made subject to the approval of the Public Utilities Commission, as required by section 3651 of the General Statutes of Connecticut, Revision of 1918, and section 3616 of the General Statutes of Connecticut, Revision of 1930. They provided for the required notice to the secretary of state and the filing of the required certificates with the local authorities, as provided in chapter 166 of the Public Acts of 1927 and section 3846 of the General Statutes of Connecticut, Revision of 1930. They were passed by the respective boards of directors, subject to the approval of their stockholders, as required by sections 3520-23 of the General Statutes of Connecticut, Revision of 1918, and sections 3462-3465 of the General Statutes of Connecticut, Revision of 1930. The stipulation of facts shows that "all things necessary were had and done to make said mergers effective in accordance with the terms of said agreements." Thus, the two combinations concerned must be held to be effective statutory mergers under the laws of Connecticut.

Three courts and this Board have now spoken on the right of a corporation resulting from a statutory merger to deduct bond discount on bonds issued by a constituent corporation, and they have

all reached the same result in allowing such deduction. The Circuit Court of Appeals for the Fourth Circuit, in *Western Maryland Ry. Co.* v. *Commissioner*, 33 Fed. (2d) 695; the Circuit Court of Appeals for the Second Circuit, in *New York Central R. R. Co.* v. *Commissioner*, 79 Fed. (2d) 247, and *American Gas & Electric Co.* v. *Commissioner*, 85 Fed. (2d) 527; the Court of Claims, in *American Gas & Electric Co.* v. *United States*, 17 Fed. Supp. 151; and this Board, in *Illinois Power & Light Corporation* v. *Commissioner*, 33 B. T. A. 1189, all allowed the deduction where the consolidation or merger was effected pursuant to the provisions of state statutes. *Turner-Farber-Love Co.* v. *Commissioner*, 68 Fed. (2d) 416, did not involve a statutory merger.

In the recent opinion of the Circuit Court of Appeals for the Second Circuit in *American Gas & Electric Co.* v. *Commissioner*, *supra*, the court held:

The situation in *New York Central R. Co.* v. *Commissioner*, 79 F. (2) 247, (C. C. A. 2), and *Western Maryland R. Co.* v. *Commissioner*, 33 F. (2) 695, (C. C. A. 4), was different. In each of those cases there was a consolidation of the corporations and amortization was allowed for the life of the bonds on the ground that the consolidated corporation succeeded to the rights and liabilities of the constituent companies not as a purchaser, but *by operation of law*. A merger will in general preserve corporate identity and continue the obligations against a successor company, which is treated as identical with the former obligor. *Cortland Specialty Co.* v. *Commissioner*, 60 F. (2) 937, 939, (C. C. A. 2).

\* \* \* \* \* \* \*

We have held that there could be no deductions for amortization in case of the bonds of Virginian and of Electric Company of New Jersey because the obligations of the original obligors were not carried forward against the transferees by consolidation or merger so as to preserve the identities of the transferor companies. But the situation of the bonds of the Appalachian Power Company is different. Under the decisions of *New York Central R. Co.* v. *Commissioner*, 79 F. (2) 247, (C. C. A. 2), and *Western Maryland R. Co.* v. *Commissioner*, 33 F. (2) 695, (C. C. A. 4), deductions should be allowed in the case of those bonds if there was a merger of Appalachian Power Company in the Appalachian Electric Power Company *which essentially preserved the identity of the transferor.*

\* \* \* \* \* \* \*

The decisions of the Virginia Court of Appeals \* \* \* seem to show that *where there is a merger or consolidation under the Virginia law* the transferee corporation succeeds by operation of law to all the rights and liabilities of the former company and *carries forward its identity.* The allowance of the deductions for the bonds of the Appalachian Power Company is governed, then, by our decision in *New York Central R. Co.* v. *Commissioner*, *supra*. [Italics supplied.]

All of the corporations concerned in the mergers in the case at bar were Connecticut corporations, and the law of Connecticut is par-

ticularly clear in providing that the constituent corporations in the case of a merger or consolidation continue their existence in the corporations into which they are merged or consolidated.[1]

In view of the unanimity of result reached in the decided cases on the rather narrow issue in the case at bar, we hold the deduction for amortization of bond discount allowable to the Connecticut Light & Power Co. on its consolidated return with the petitioner.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN concurs only in the result.

---

[1] General Statutes of Connecticut, Revision of 1930.
Sec. 3465. *Rights, duties and liabilities of consolidated corporations.* Upon the completion of such consolidation, *the several corporations shall become a corporation* by the name provided in such agreement, and shall possess all of the rights, privileges, powers and franchises of each of the consolidating corporations; and all property, real, personal and mixed, and all debts due to them on whatever account, shall be vested in the consolidated corporation; and all rights of creditors and all liens upon the property of either of such consolidating corporations shall be preserved unimpaired, *and the respective corporations shall continue in existence* so far as may be necessary to preserve the same; and all debts, liabilities and duties of either of such consolidating corporations shall thenceforth attach to the consolidated corporation, and may be enforced against it to the same extent as if they had been incurred or contracted by it. An amount of the stock of the consolidated corporation equivalent to the amount of the stock of the merged corporations on which a franchise tax has been paid shall be exempt from taxation under section 3478. [Italics supplied.]